FILED

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

2012 MAR -1 PM 12:05

ROBERT N. TRGOVICH
U.S. DISTRICT COURT
FOR THE NORTHERN DISTRICT
OF INDIANA

| | |
|---|---|
| L.O.. by her Parents and Next Friends, D.O. and D.O., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| EAST ALLEN COUNTY SCHOOL CORPORATION, | ) ) ) |
| Defendant. | ) ) ) |

Cause No. 1:12CV0072 RLM

## PLAINTIFFS' COMPLAINT FOR ENFORCEMENT OF ORDER

Come now, Plaintiffs, L.O. ("Student"), a minor, by her Parents and Next Friends, D.O. and D.O. ("Parents"), by counsel, and file their Complaint against Defendant East Allen County School Corporation ("School"). The Plaintiffs respectfully request the Court enter an order of enforcement so that L.O. may receive the compensatory educational services which were ordered by the Independent Hearing Officer ("IHO") in his decision in HR-007-2011, entered on April 24, 2011. Because the spring semester of the 2011-12 school year began on January 4, 2012, the Plaintiffs seek immediate relief for L.O. In support thereof, the Plaintiffs state the following:

1

## JURISDICTION, VENUE AND PARTIES

1. This action is brought pursuant to the provisions of the Individuals With Disabilities In Education Act (hereinafter "IDEA"), 20 U.S.C. ¶¶ 1400 *et seq.*, the pertinent implementing regulations promulgated under the Code of Federal Regulations, Article 7 of the Indiana Administrative Code, 511 IAC 7 *et seq.*, including all of the rights, entitlements, and procedural safeguards mandated by these laws, and under Section 1983 of the Civil Rights Act of 1964.

2. This Court has jurisdiction over this cause pursuant to 20 U.S.C. § 1415; 28 U.S.C. § 1331; 28 U.S.C. § 1367; and 42 U.S.C. § 1983 ("Section 1983").

3. This action is brought in order to seek enforcement of an Order issued by an Independent Hearing Officer (hereinafter "IHO") in which the IHO mandated compensatory educational services in Article 7 Hearing No. HR-007-2011. This case is closely related to a consolidated action previously filed within this Division encaptioned *L.O. v. East Allen County School Corporation*, Case No. 1:11-cv-178.[1]

4. This Court has jurisdiction over said review pursuant to the IDEA (20 U.S.C. ¶¶ 1400 *et seq.*), Section 1983, both federal statutes, and 28 U.S.C. § 1331, which grants "original jurisdiction" to the district court for "all civil actions arising under the Constitution, laws, or treaties

---

[1] The School also filed a Complaint under Case No. 1:11-cv-187, which was consolidated with Case No. 178 on June 15, 2011.

2

of the United States." 28 U.S.C. § 1331. Further, this Court has "supplemental jurisdiction" over any claims arising under Indiana state law pursuant to 28 U.S.C. § 1367.

5. This Court is the proper venue for this cause of action because all Defendants reside in Allen County, Indiana; and all relevant events took place in Allen County, Indiana. Allen County falls within the Fort Wayne Division of this Court. Thus, the proper venue is the United States District Court for the Northern District of Indiana, Fort Wayne Division.

6. At all times relevant herein, L.O. is the daughter of D.O. and D.O. All three reside in Fort Wayne, Indiana, at 5817 Oak Pointe Drive and 10111 Jefferson Way, respectively. The Student continues to attend public school within the East Allen County School Corporation.

7. The School's principal office is located at 1000 Prospect Avenue in New Haven, Indiana. The School is a Local Education Agency ("LEA") which receives federal funds under IDEA, and is obligated to fulfill the requirements of the IDEA and Article 7.

## GENERAL ALLEGATIONS

8. On April 24, 2011, the IHO issued his decision in administrative proceeding HR-007-2011, which read, in pertinent part, "the student is entitled to compensatory services for the academic year of 2009-2010 equivalent to those provided in the IEP that was implemented during the 2010-2011 school year."

3

9. Despite this entry, the School has thus far refused to provide L.O. with compensatory educational services for the 2011-12 school year, claiming that because the School had appealed the IHO's decision, it was not required to implement any of the IHO's Orders.

10. The School's refusal to provide the compensatory education services did not occur until the fall semester started in August, 2011, and was not finalized until the Parents met with the School in a case conference on December 16, 2011.

11. Given this impasse, the sole option remaining for the Parents is to seek relief from this Court, in the form of an order of enforcement, so that the compensatory education programs may commence as soon as possible in L.O.'s spring semester.

12. Compensatory education was awarded by the IHO because "the evidence and testimony established that the Student had been struggling and needed special education services [and] the School did not find her eligible for special education services for the 2009-2010 school year when it was evident she needed services, which is related to the 'child-find' responsibilities of a school (511 IAC 7-40-1)." Accordingly, the IHO deemed a full year of compensatory educational services would be appropriate for L.O.

13. The IHO concluded "the Student is entitled to compensatory educational services for the academic year of 2009-2010 . . . [and] the School is to provide [said] services . . . over the 2011-2012 school year."

4

14. The Order awarding compensatory education did *not* include qualifying language "unless appealed for judicial review" found in Orders 1 and 3. Thus, the appeal did not permit the School to withhold such programs and services from the Student. The delay in providing compensatory education threatens the Student with immediate, irreparable harm.

15. Compensatory educational programs "are intended to enable a student to perform at a level where he or she should have performed if the services had been provided."

16. Under IDEA, compensatory education constitutes the prospective replacement of educational services the child should have received in the first place. *Reid v. District of Columbia*, 401 F.3d 516, 518 (D.C. Cir. 2005), *citing School Committee of the Town of Burlington, Massachusetts v. Dept. of Education of Massachusetts*, 471 U.S. 359, 105 S.Ct. 1996, 85 L.Ed.2d 385 (1985). *See also, Board of Education of Oak Park & River Forest High School District 200 v. Illinois State Bd. of Education*, 79 F.3d 654, 656 (7th Cir. 1996).

17. If the Student does not receive the compensatory education in the spring semester she will have been deprived of these essential programs for the entire 2011-12 school year.

18. The federal regulations regarding the IDEA state, in pertinent part, "if the hearing officer in a due process hearing . . . agrees with the child's parents that a change of placement is appropriate, that placement must be treated as an agreement between the State and the parents for purposes of paragraph (a) of this section." 34 C.F.R. §300.518(d).

5

19. 34 C.F.R. §300.518(a) states, in pertinent part, "unless the State or local agency and the parents of the child agree otherwise, the child involved in the complaint must remain in his or her current educational placement." 34 C.F.R. §300.518(a). Due to the IHO's decision, and the Parents's agreement with Order 2, the "current educational placement" has been effectively changed to include provision of compensatory educational programs, as mandated by the IHO.

20. The School has not sought a stay of the IHO's Order with this Court. Without such a stay, the School is out of compliance with the IHO's Order, and this Complaint seeks prompt, immediate enforcement of that Order.

21. Because the "case review of a contested IEP takes years to run its course- years critical to the child's development- important practical questions arise concerning interim placement of the child." *Susquenita Sch. Dist. v. Raelee S.*, 96 F.3d 78, 82 (3rd Cir. 1998). Thus, denial of compensatory educational services would cause irreparable harm to L.O.

22. Further, one of the primary goals of the IDEA is "*to protect handicapped children and their parents* during the review process. . . . The Supreme Court referred to this protective purpose when it wrote: 'We think it very clear . . . that Congress very much meant to strip schools of the unilateral authority they had traditionally employed to exclude disabled students . . . from school.'" *Id.* (emphasis added), *quoting Burlington*, 471 U.S. at 361, 105 S.Ct. at 1998 (1985).

23. The School's refusal to provide compensatory education programs to L.O. is contrary to these judicial decisions and the legislative purpose of the IDEA statute. The compensatory education services can be provided at the School and by the School, at little cost, if any, to the district. Thus, little, if any harm, would be suffered by the Defendant if this Court grants L.O.'s Motion and issues an enforcement order.

24. Moreover, public policy interests would be served by preventing LEA's from using the appeal process as a sword by which to injure children with special needs. Granting the injunction herein would further the statutory purpose of protecting handicapped children. Another Indiana district court noted, "as a practical matter, if Plaintiffs' argument [in defense of non-implementation] were correct, schools could wield appeals as powerful dilatory tactics. Given the protracted nature of appeals and the time-sensitive nature of IDEA cases, such delay-causing gamesmanship is discouraged and inapposite to the intent of 34 CFR § 300.518(a)." *Mt. Vernon Sch. Corp. v. A.M.*, Case No. 1:11-cv-0637-TWP-TAB, Doc. 29, pg. 5, May 24, 2011.

25. The highest administrative authority has determined that L.O. should receive one year of compensatory education from the School. This constitutes agreement as to pendent placement, and thus, L.O. is entitled to those programs and services for the duration of the proceedings.

WHEREFORE, the Plaintiffs respectfully request this Court grant an order enforcing the Independent Hearing Officer's mandate that the Defendant East Allen County School Corporation begin providing compensatory education services to L.O. as soon as possible in the present semester,

and also provide the compensatory education services not offered thus far in the 2011-12 school year, and pray for all other relief just and proper in these premises.

Respectfully submitted,

s:Mitchell M.Pote
Mitchell M. Pote
THE LAW OFFICE OF MITCHELL M. POTE, LLC
Attorney No. 20313-49
1140 North High School Road
Indianapolis, IN 46224
Telephone (317) 366-2008

Attorney for Plaintiffs